OPINION
During the summer of 1996, Sergeant Dennis Williams of the Canton Police Vice Intelligent Unit received numerous complaints of drug activity on Shorb Avenue. Appellant Jesse Burns' name was frequently mentioned in conjunction with these drug complaints. Sergeant Williams left several messages for appellant to contact him. On August 23, 1996, Williams and several other officers attempted to locate appellant to discuss the drug complaints.
Sergeant Williams received information that appellant was at 907 Shorb Avenue. Upon contacting the residents at this address, the officers were directed to 825 Shorb Avenue. Sergeant Williams met Carolyn Burns, appellant's wife, at the 825 Shorb address. Mrs. Burns told Sergeant Williams that appellant was hiding in the house, and she gave the officers consent to enter the home and look for appellant.
Sergeant Williams found appellant asleep on his stomach in bed. Appellant was wearing only a dirty pair of white denim shorts. Sergeant Williams shook appellant's shoulder to wake him, stating that he was a police officer and wanted to talk to appellant. After a few shakes, appellant opened his eyes. When appellant saw the officers, he took his right hand and reached for his right rear pocket, while rolling onto his left side. For the officers' protection, Sergeant Williams immediately grabbed appellant's right arm and wrist, and the officers handcuffed appellant.
After getting appellant on his feet, and while he was still handcuffed, the officer immediately reached into the pocket. The officer testified that he saw a bulge in the pocket, which he believed could be a weapon. The officer retrieved a packet of cigarettes and a handkerchief from the pocket. A plastic baggie, which contained crack cocaine, was stuck to the pack of cigarettes.
Appellant was indicted on one count of Possession of Cocaine in violation of R.C. 2925.11(A). Appellant moved to suppress the contents of the pocket on the basis that the search was not reasonable pursuant to Terry vs. Ohio (1968), 392 U.S. 1, and its progeny, as the contents of appellant's pocket could not have felt like a weapon.
Following a suppression hearing in the Stark County Common Pleas Court, the court overruled the motion to suppress. Appellant entered a plea of no contest, and was sentenced to a term of incarceration of nine months. Appellant's motion for delayed appeal was granted by this court. He assigns three errors:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THE EVIDENCE WAS SEIZED IN VIOLATION OF THE DEFENDANT'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE U.S. CONSTITUTION AS WELL AS ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT RELIED ON INADMISSABLE HEARSAY TO JUSTIFY A WARRANTLESS ENTRY INTO THE APPELLANT'S HOME.
 III. THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO INADMISSABLE HEARSAY REGARDING ALLEGED STATEMENTS MADE BY THE DEFENDANT'S WIFE AND BY FAILING TO SUBPOENA DEFENDANT'S WIFE TO TESTIFY.
 I.
Appellant argues that the search was not justified, as the officer did not conduct a pat-down to determine whether the bulge in his pocket could have been a weapon before retrieving the contents of the pocket.
Under Terry and its progeny, police may search for a weapon only after conducting a pat-down of the suspect. State vs. Evans
(1993), 67 Ohio St.3d 405, 414, cert. denied (1994),510 U.S. 1166. The pat-down must be limited to that which is necessary for the discovery of weapons, which might be used to harm the officers or others nearby. Id. Pursuant to the "plain feel" doctrine, an officer conducting a lawful Terry-type search may seize non-threatening contraband when its incriminating nature is immediately apparent to the searching officer through his sense of touch. Minnesota vs. Dickerson (1993), 508 U.S. 366. When an officer is conducting a lawful pat-down search for weapons and discovers an object on the suspect's person which the officer, through his or her sense of touch, reasonably believes could be a weapon, the officer may seize the object. Evans , 67 Ohio St.3d 416.
In the instant case, the trial court found that because of the visibly bulging pocket, the officers possessed a rational suspicion of the possibility that appellant had a weapon. Judgment, 10/29/96. The court did not make a specific finding as to whether a pat-down occurred; however, the court found that Sergeant Williams grabbed defendant's arm, handcuffed him, and proceeded to retrieve the contents of the back pocket. Id. The court concluded that exigent circumstances justified Williams' search of appellant's pocket, as the officer had reasonable grounds to believe a weapon may be present, which appellant could reach for when the handcuffs were removed. Id.
From Sergeant Williams' testimony on direct examination at the suppression hearing, there is no evidence to support the State's claim that a pat-down occurred:
. . .
Q. What happened next?
 A. Got him on his feet, handcuffed him and went for immediately the pocket he was reaching for. There was a bulge in there. It could have been a pocket knife, small caliber handgun. It could have possibly been a weapon.
Q. That was your belief at the time?
A. I thought that it could have been a weapon, yes sir.
Q. Based on that belief, then what did you do?
 A. I reached into the pocket, I pulled out, I think it was a handkerchief or Kleenex, and also a pack of cigarettes. As I pulled the cigarettes out, there was a baggie, must have been in the bottom of his pocket because it was like sweat or whatever was sticking to the cellophane of the cigarettes, and in the baggie was what I knew to be crack cocaine, believed to be crack cocaine. . . .
Tr. 14.
On cross-examination, Sergeant Williams testified as follows:
. . .
 Q. And you handcuffed him first before you actually patted him down, correct?
A. Yes. . . .
Tr. 19.
However, there is no evidence that if Sergeant Williams did conduct a pat-down, he felt an object which he reasonably believed, from his experience and sense of touch, to be a weapon. The items in the pocket were all soft items. The court's finding that the search of the pocket was justified solely because of the bulge visible to the officers is contrary to law. Clearly, before reaching into the pocket, the officer must conduct a pat-down, and feel an object which he reasonably believes could be a weapon, or which, pursuant to the plain feel doctrine, is immediately recognized as contraband. There is no evidence in the instant case that the search of the pocket was based on information gleaned from Sergeant Williams' pat-down of appellant.
We reject the State's argument that the motion to suppress was not specific enough to raise this issue pursuant to Crim.R. 47. The motion specifically stated that the search was not reasonable because the baggie of cocaine did not feel like a weapon. Appellant, therefore, raised the issue of whether Sergeant Williams conducted a pat-down, and whether such pat-down gave him information which justified his reaching into the pocket.
The first Assignment of Error is sustained.
 II. III.
The second and third Assignments of Error are rendered moot by our disposition of Assignment of Error I.
Accordingly, Assignments of Error II. and III. are overruled.
The judgment of the Stark County Common Pleas Court overruling appellant's motion to suppress is reversed. The judgment of conviction and sentence is vacated. Pursuant to App.R. 12 (B), we hereby enter judgment dismissing the charge of Possession of Cocaine.
By: Reader, J. Farmer, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00235
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court overruling appellant's motion to suppress is reversed. The judgment of conviction and sentence is vacated. Pursuant to App.R. 12 (B), we hereby enter judgment dismissing the charge of Possession of Cocaine.